Argued and submitted March 3, affirmed as modified December 17, 1986

In the Matter of the Marriage of

SEIBEL,
*Respondent - Cross-Appellant,*
*and*
SEIBEL,
*Appellant - Cross-Respondent.*

(144148; CA A35982)

730 P2d 41

L. E. Ashcroft, Salem, argued the cause for appellant-cross-respondent. With him on the briefs was Rhoten, Rhoten, Speerstra, Rinehart & Ashcroft, Salem.

Michael J. Martinis, Salem, argued the cause for

respondent-cross-appellant. With him on the brief was Webb & Martinis, Salem.

Before Richardson, Presiding Judge, and Warden and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals from a judgment of dissolution. He contests the child support award, the valuation and distribution of the property and the parties' tax liability. Wife cross-appeals. We affirm the judgment as modified.

■ We concur with the trial court's child support award and its property distribution. We find it necessary to address only four of the issues raised on appeal. Husband contends that the court's allocation of responsibility for a federal tax deficiency is inequitable. The parties' joint tax return was audited for the 1982 tax year, and they anticipated an additional tax obligation for 1983. The court ordered wife to pay one-half of the audit costs and one-half of the tax obligation for 1983 but held husband responsible for the entire tax obligation for 1982. Wife concedes that she should pay one-half of the tax obligation incurred by the parties for the tax year 1982 but argues that she is entitled to proof of the amount due. Accordingly, we modify the decree to require that wife pay one-half of the 1982 tax obligation and direct husband to provide her with adequate documentation of the taxes owed. On cross-appeal, wife asserts that the trial court erred by not itemizing the costs for the 1983 audit. We construe "costs" to include one-half of the professional expenses associated with the audit, but not to include personal expenses unique to the parties.

■ Wife also contends on cross-appeal that the trial court erred by requiring husband to provide health insurance coverage for their child for only six months following the dissolution. The trial court based its decision on wife's statement that she intended to marry her domestic associate, who was a California state employe and would have insurance available through his employment. Wife presented no evidence that she was unable to obtain insurance or that the situation differed from that anticipated by the trial court. We find no error in the court's ruling on the health insurance.

■ The final issue presented is that the court failed to consider the child's school schedule by ruling that husband have visitation for eight weeks during the summer. Wife and the child live in California. She argues that in California the schools do not provide an eight-week summer vacation. However, she presented no evidence of the child's actual schedule.

There is no present basis for setting a more precise visitation schedule.

Judgment modified to provide that wife pay one-half of the 1982 tax obligation, the amount to be determined by documentation provided by husband; otherwise affirmed. No costs to either party.